**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MYPRIVATEDOC, et al.,<br><br>　　　　　Defendants. | No. CIV 02-1035-PHX-DKD<br><br>**FINAL ORDER AND JUDGMENT** |

Pending before the Court is the Government's Motion for Entry of Final Order and Judgment, filed on September 30, 2005 (Doc. #102), seeking judgment regarding the interest of Claimants Michael Cosenza and PrescriptionOnLine (POL), and related to Defendant Number 26. The Government also requests that the stay previously entered in this action be removed, upon its assurances that no criminal action will be brought by the United States in the District of Arizona based upon any information contained in the verified complaint filed in this action. The Court recognizes that Claimants have declined to continue cooperating in this action, and have not opposed any evidence presented by the Government. The Court is also mindful of the Government's avowal to use the forfeiture proceeds to reduce a judgment obtained in another District arising out of essentially the same conduct. The Court will grant both of the Government's motions.

The Court makes the following findings:

1. During the stay of this action plaintiff and all other claimants were able to achieve a reasonable compromise regarding all issues, and submitted stipulations approved by the Court.

Defendant 26 is the sole remaining unresolved defendant in this forfeiture action, which has remained pending for more than 4 years.

2. The investigation continued regarding the operation of claimants Cosenza and POL, which included subsequent interviews, as outlined by Diversion Investigator Goldsmith and as recounted in a portion of the pleading filed by the Government.

3. This continuing investigation of claimants Cosenza and POL disclosed that the conduct and activity of which the Government has complained continued, including a subsequent on-line pharmacy in St. Louis which was also closed by the DEA.

4. Claimants Cosenza and POL executed a stipulation with the State of Nevada Board of Pharmacy agreeing that POL did not comply with numerous provisions of state law regarding the manner in which it filled internet prescriptions. These included an absence of policies and procedures created or followed regarding the existence of a legitimate and pre-existing patient-physician relationship, and that other standards had not been met under the requirements and protocol of the Verified Internet Pharmacy Practice Sites (VIPPS). Several undercover purchases were made from claimants which lacked any appearance of legitimacy and failed to attempt to comply with the requirements for filling such prescriptions.

5. On 12-18-02, the DEA suspended POL's DEA Registration Number BP6558069 because the registration constituted an imminent danger to the public health and safety pursuant to Title 21 U.S.C. § 824(d). The DEA also denied any pending applications for renewal or modification under Title 21 U.S.C. § 824(a)(3) and 823(f) for reasons that POL's registration was inconsistent with the public interest. Cosenza did not challenge the list of reasons included in the Order. The reasons identified in the Order mirror the allegations contained in the complaint.

6. Evidence presented by the DEA indicating that in January 2002 claimants had purchased 484,600 dosage units of controlled substances, including a large quantity of hydrocodone, a Schedule III narcotic substance, coupled with the seizure of 2,847,311 dosage units of controlled substances after the filing of the complaint in this action, establishes that a large volume of the business conducted by claimants involves controlled substances. There is ample evidence in the

complaint and the motion filed by the Government to support the conclusion of the DEA which led to the suspension of the registration of POL prohibiting it from selling controlled substances. The DEA found that the continued registration of POL would constitute an imminent danger to the public health and safety because of the substantial likelihood that POL would continue to divert controlled substances to persons who will abuse the Internet distribution system. Claimants did not challenge that finding. The finding also supports the allegations contained in the complaint that the *res* in this action is proceeds from illegal sales of controlled substances.

7. Diversion Investigator Goldsmith has indicated that investigators and collection agents, acting on behalf of the Nevada Board of Pharmacy, have been attempting to contact claimants, specifically Cosenza, with no success. In addition, personnel of the DEA Offices in both Las Vegas and St. Louis have been aware of the continued activities of Cosenza, but have not been able to recently locate him regarding the service of process in a related civil suit in Las Vegas. Default Judgment was entered in U.S. District Court for the District of Nevada in Case No. CV-S-05-0641-RLH-PAL in the amount of $457,500, because no opposition was presented to the Complaint filed in that action by Cosenza or any other party acting on behalf of POL.         8. The Court and the Government have both made substantial efforts to give notice to Cosenza and POL of the Court's Orders to appear for hearings in this action. No representative of claimants has appeared despite repeated notifications and extensive efforts at service. Claimants have failed to advise the Court of an address where communication may be directed and the previously retained attorney has withdrawn as the result of this same conduct. The Court finds that this case cannot proceed without the participation of claimants, that claimants are in violation of the Local Rules, and that sanctions are appropriate.

9. In order to award plaintiff judgment as a sanction for the violation of the Local Rules the Court must first determine whether the government has met its initial burden of proof establishing that the seized funds are subject to forfeiture by the preponderance of the evidence. Upon consideration of the evidence alleged in the complaint and the supplemental outline of evidence provided upon the verification of Diversion Investigator Goldsmith in the Government's

motion, the Court finds that the Government has met the burden and established a *prima facie* case of forfeiture of defendant 26, the last *res* at issue in this action.

**IT IS HEREBY ORDERED** that the action is removed from the Stay previously ordered by the Court.

**IT IS FURTHER ORDERED** that the interest of claimants Michael Cosenza and Prescription On Line, Inc. in defendant number 26, the approximate sum $277,322.38 seized from Community Bank Of Nevada Accounts #030 200 9795 and #030 200 1972 Titled PrescriptionOnLine, is forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6), as alleged in the complaint and motion for entry of final judgment. Defendant numbered 26 shall be disposed of by the United States Marshal according to law. The United States Marshal may recover the costs associated with defendants, including the cost of publication, administration, and storage from the defendants. The United States shall credit the approximate sum $277,322.38 to the judgment amount entered against claimants in U.S. District Court for the District of Nevada in Case No. CV-S-05-0641-RLH-PAL.

The Court finds that at the time of the seizure the agents investigating the acts described in the complaint had reasonable cause for the seizure of the funds, pursuant to 28 U.S.C. § 2465. The Court also finds that Claimant did not substantially prevail regarding the disposition of the defendant property included herewith, but received the benefit of a settlement agreement which substantially served the ends of justice. Each party is responsible for their respective costs and attorney fees.

DATED this 29th day of September, 2006.

_____
David K. Duncan
United States Magistrate Judge